<u>**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**</u>

I, John Dalen Bunch, Special Agent with the United States Forest Service, Law Enforcement and Investigations ("FS-LEI"), being duly sworn, deposes and states under penalty of perjury that the following is true to the best of my information, knowledge, and belief.

<u>**BACKGROUND**</u>

1. I am a Special Agent with FS-LEI. I have been so employed since approximately August 2012. As part of my duties as an FS-LEI Special Agent, I investigate criminal violations of federal laws, including Title 18, United States Code, Section 922, as well as violations of Title 16 and Title 21 of the United States Code.  I am duly authorized by Title 16, United States Code, Section 559c, to carry firearms and conduct, within the exterior boundaries of the National Forest System, investigations of violations of and enforce section 841 of Title 21 and other criminal violations relating to controlled substances that are manufactured, distributed, or dispensed on National Forest System lands and to conduct such investigations and enforcement of such laws outside the exterior boundaries of the National Forest System for offenses committed within the National Forest System or which affect the administration of the National Forest System (including the pursuit of persons suspected of such offenses who flee the National Forest System to avoid arrest).

2. I have made arrests with a warrant or process for misdemeanor violations, or without a warrant or process for violations of such misdemeanors that any such officer or employee has probable cause to believe are being committed in his presence or view, or for a felony with a warrant or without a warrant if he has probable cause to believe that the person to be arrested has committed or is committing such felony, for offenses committed within the National Forest System or which affect the administration of the National Forest System.  I have served warrants and other process issued by a court or officer of competent jurisdiction. I have searched with or without warrant or process any person, place, or conveyance according to Federal law or rule of law. I have seized with or without warrant or process any evidentiary item according to Federal law or rule of law.

3. As part of my FS-LEI training, I attended the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia, and completed the thirteen-week Basic Criminal Investigator Training Program.  I have also completed the nineteen-week FS-LEI Land Management Police Training Program.  Prior to my time as an FS-LEI Special Agent, I completed the FLETC Federal Air Marshal Training Program, and served as a Federal Air Marshal for three years. I have attended numerous training courses on techniques for investigating federal and state crimes, and I have participated in the execution of multiple federal and state search warrants.

4. I graduated from Texas A&M University, earning a Bachelor of Science in Agricultural Development. I am a combat veteran, having served as an Infantry Officer in the United States Marine Corps; and I was honorably discharged as a Captain.

5. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation.  I have set forth facts that I believe are necessary to establish probable cause to believe that DEREK JAMES SWINGLE violated Title 21, United State Code, Section 841(a)(1), (b)(1)(C) (possession with intent to distribute a controlled substance) (the "Subject Offense").

6.  The information contained within the affidavit is based on my training and experience, as well as information imparted to me by other law enforcement officers involved in this investigation and my review of records and other materials obtained during the course of this investigation.

7.  I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

**PROBABLE CAUSE**

8.  Starting in late June 2022, the "Rainbow Family of Living Light" began gathering in the Routt National Forest in the District of Colorado (the "Rainbow Gathering"). FS-LEI has been involved in patrolling the Routt National Forest during the Rainbow Gathering.

9.  On July 3, 2022, FS-LEI officers were in a stationary position along on Routt County Road 80 in the Routt National Forest. FS-LEI observed a grey Hyundai Sonata (the "Vehicle") approach from the north, and immediately recognized the driver as DEREK JAMES SWINGLE. FS-LEI officers recognized SWINGLE because on July 2, 2022, officers arrested a passenger (the "Passenger") in the Vehicle, while SWINGLE was driving.[1] FS-LEI officers offered to provide SWINGLE with an update regarding that matter. SWINGLE then voluntarily pulled to the side of the road and came to a stop. FS-LEI officers approached the vehicle and immediately smelled the aroma of burnt marijuana coming from the Vehicle.

10. Because possession of marijuana is unlawful in the Routt National Forest, FS-LEI officers inquired if SWINGLE had recently smoked marijuana. SWINGLE admitted to smoking marijuana in the Vehicle. SWINGLE then showed the FS-LEI officers a black capsule and a glass pipe that he had used to smoke marijuana. FS-LEI officers then continued to update SWINGLE about the status of his Passenger from the day before.

11. During the conversation, FS-LEI asked SWINGLE if there were any other firearms or other amounts of marijuana, or fentanyl, in the vehicle. SWINGLE stated that there was not. FS-LEI officers then told SWINGLE that he needed to step out of the vehicle for a probable cause search, when SWINGLE placed both hands on the wheel, tensed his body, stopped making eye contact with FS-LEI officers, and stared down the road. SWINGLE was again ordered to turn off the Vehicle and step out. After SWINGLE exited the Vehicle, the following occurred, in substance and in part:

    a.  FS-LEI officers placed SWINGLE at the front of the vehicle and advised SWINGLE that the possession of marijuana was illegal on National Forest Service ("NFS") lands.

    b.  The FS-LEI officers then again advised SWINGLE that they were going to conduct a probable cause search of the Vehicle.

---

[1] On July 2, 2022, the Passenger was in the front passenger seat of the Vehicle and SWINGLE was driving. The two were parked on the side of Routt County Road 80 when they were approached by FS-LEI officers. A search of the Vehicle—the same Vehicle that SWINGLE was driving on July 3, 2022—revealed a loaded handgun magazine in the passenger compartment, a loaded handgun with another magazine in the trunk, and distribution-quantities of fentanyl along with empty pill capsules in a bag that the Passenger claimed was his. The Passenger was arrested and charged by criminal complaint in the District of Colorado.

   c.   FS-LEI officers again asked if there were any other amounts of marijuana or fentanyl in the vehicle. SWINGLE commented, something to the effect, that if there was any more fentanyl in the Vehicle that it would be in the same backpack as the day prior. SWINGLE no comments regarding any other types of controlled substances in the Vehicle.

   d.   FS-LEI officers then moved SWINGLE to the rear of the Vehicle, between the Vehicle and a recently arrived patrol vehicle.

   e.   FS-LEI officers immediately located a black backpack behind the driver's seat. FS-LEI officers searched that black backpack and located a clear plastic bag, containing a white-grey powdery substance. SWINGLE then stated, that he found the clear plastic bag under the front passenger seat, and that officers must have missed it the day prior.

   f.   SWINGLE was informed that he was being detained when FS-LEI officers observed SWINGLE fall unconscious but remained breathing. FS-LEI personnel, who is also Emergency Medical Technician (EMT) trained, immediately assessed SWINGLE. FS-LEI officers immediately requested an ambulance, and the FS-LEI EMT continued to treat and assess SWINGLE. SWINGLE regained consciousness, and the FS-LEI EMT assessed SWINGLE for approximately ten minutes. Once SWINGLE was again stable, the ambulance request was terminated.

12. The Vehicle was searched, and revealed the following:

   a.   Controlled substances, including: approximately three grams of apparent marijuana and a glass pipe containing what appeared to be marijuana residue.

   b.   The white-grey powdery substance inside the clear plastic bag, as described above, presumptively tested positive for fentanyl. The total weight of clear plastic bag and its contents was 55 grams.

   c.   FS-LEI officers located approximately $200.00USD.

13. Based on my training and experience, I believe that the contents of SWINGLE's vehicle reveal that SWINGLE intended to distribute the fentanyl in his possession.  I believe this because the quantity of fentanyl—approximately 55 grams—far exceeds personal use quantities.  Specifically, based on my training and experience and knowledge of the activities occurring in the Routt National Forest this week, I believe that SWINGLE intended to sell the fentanyl at the Rainbow Gathering.

14. After the events described above, SWINGLE was transported to the Moffatt County Sheriff's Office.

*s/ John Dalen Bunch*
Special Agent John Dalen Bunch
Federal Bureau of Investigation

Sworn to before me by reliable electronic means this ___3rd___ day of July, 2022

Hon. Kristen L. Mix
United States Magistrate Judge
District of Colorado

Affidavit reviewed and submitted by Andrea Surratt, Assistant United States Attorney.