IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 22-cr-220-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.    DEREK JAMES SWINGLE,

    Defendant.

## PLEA AGREEMENT

The United States of America (the government), by and through Andrea Surratt, Assistant United States Attorney for the District of Colorado, and the defendant, DEREK JAMES SWINGLE, personally and by counsel, Michael Faye, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I.    AGREEMENT

**A. Defendant's Plea of Guilty:**

The defendant agrees

(1)    to waive indictment and plead guilty to an Information charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (possession with intent to distribute a controlled substance;

(2)    to waive certain appellate and collateral attack rights, as explained in detail below; and

(3)    agree not to contest forfeiture as more fully described below.

COURT EXHIBIT 1

**B. Government's Obligations:**

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A) and (B). The government agrees to move to dismiss Indictment 22-cr-220-RMR with prejudice, against this defendant only. Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment. The government also agrees to recommend a sentence at the low end of the Guidelines range as ultimately calculated by the Court. The parties understand that this agreement is not binding on the Court.

Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment. The parties understand that this agreement is not binding on the Court.

Provided the defendant does not engage in prohibited conduct or otherwise implicate U.S.S.G. §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and agrees to file a motion requesting that the defendant receive a one level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

**C. Defendant's Waiver of Appeal:**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement,

the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1) the sentence exceeds the maximum sentence provided in the statute of conviction, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C);

(2) the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 19; or

(3) the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2) the defendant was deprived of the effective assistance of counsel; or

(3) the defendant was prejudiced by prosecutorial misconduct.

The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does

not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

### D. Forfeiture of assets:

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere. The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters. Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his/her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not sent within the prescribed time frames. The defendant further agrees to the forfeiture of any substitute assets up to the value of any property described above pursuant to 21 U.S.C. § 853(p) and Federal Rules of Criminal Procedure 32.2(e).

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that the below-described property, which was seized from the defendant for evidentiary purposes, and which is currently in the custody or control of the United States Forest Service, was lawfully seized and that it is evidence, contraband, or fruits of the crimes to which the defendant is pleading guilty. The defendant, as sole and rightful owner, relinquishes and abandons all claims, title, and interest the defendant has in such property with the understanding and consent that United States Forest Service may dispose of the property without further obligations. The specific property includes: a firearm (serial number 52E059799) and ammunition seized from the vehicle occupied by the defendant in Routt County on July 2, 2022.

## II.   ELEMENTS OF THE OFFENSE

The parties agree that the elements of Count One of the Information, charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), are as follows:

a.   The defendant knowingly or intentionally distributed or possessed with the intent to distribute a controlled substance;

b.   The substance was a mixture and substance containing a detectable amount of heroin.

## III.   STATUTORY MAXIMUM SENTENCE

The maximum penalties for a violation of Count One of the Information are: not more than 20 years' imprisonment; a minimum term of supervised release of 3 years; a

maximum term of supervised release of life; a maximum fine of $1,000,000; and a $100 mandatory victim's fund assessment fee.

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V. STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct.

On or about July 2, 2022, in the Routt National Forrest, in the District of Colorado, the defendant was the driver of a vehicle (the "Vehicle") that was contacted by officers of the National Forest Service. Upon a search of the Vehicle, which was registered to the defendant, officers located a powdery brown substance in a prescription pill bottle in a backpack. Though the defendant's co-defendant took responsibility for the substance in the pill bottle, the name on the pill bottle was "Derek

Swingle." The substance was tested and was determined to be approximately 8.98 grams of heroin. The officers also located a loaded firearm in the trunk of the vehicle and multiple rounds of ammunition in the passenger compartment of the vehicle. The defendant denies possessing the heroin located in his Vehicle on July 2, 2022, and states that the firearm in the trunk of the Vehicle was not connected with any drug distribution offense.

On or about July 3, 2022, in the Routt National Forrest, in the District of Colorado, the defendant was again contacted by members of the National Forest Service while driving the Vehicle. Upon a search of the Vehicle, officers located a clear plastic bag containing a brown powdery substance. The substance was tested and was determined to be approximately 52.53 grams of heroin. The defendant admits that he possessed this heroin with the intent to distribute it.

## VI.   ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government has an independent

obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

    a)    It is the Government's position that the defendant is responsible for the heroin seized from the Vehicle on both July 2 and July 3, 2022, for a total of 62.51 grams of heroin. The Government's view is that pursuant to U.S.S.G. § 2D1.1(c)(10), the base offense level is 20. The defendant takes the position that he is responsible only for the heroin seized on July 3, 2022, or 52.53 grams of heroin. The defendant's view is that pursuant to U.S.S.G. § 2D1.1(c)(18), the base offense level is 18.

    b)    The Government's position is that the two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) applies for an adjusted offense level of 22. The defendant's position is that this enhancement does not apply and the adjusted offense level is 18.

    c)    Pursuant to U.S.S.G. §§ 3E1.1(a) & (b), three levels are subtracted for acceptance of responsibility.

    d)    The Government's position is that the resulting total offense level is 19. The defendant's view is that the resulting total offense level is 15.

    e)    The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe the defendant is in criminal history category I.

    f)    The career offender/criminal livelihood/armed career criminal adjustments do not apply.

    g)    Pursuant to the Government's calculation, the advisory guideline range resulting from an offense level of 19 is 30-37 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 30 months (bottom of Category I) to 78 months (top of Category VI). Pursuant to the defendant's calculation, the advisory guideline range resulting from an offense level of 15 is 18-24 months. However, in order to be as accurate as possible, with the criminal

        history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 18 months (bottom of Category I) to 51 months (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

h)    Pursuant to guideline § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be $10,000 (at offense level 19) or $7,500 (at offense level 15) to $1,000,000 plus applicable interest and penalties.

i)    Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term must be at least three years but no more than life.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.   ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 11-29-22

_____
DEREK JAMES SWINGLE
Defendant

Date: 11-29-22

_____
Michael Faye   3522.4
Attorney for Defendant

Date: 11/28/2022

_____
Andrea Surratt
Assistant U.S. Attorney