IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case Number 22-cr-00220-RMR

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**2.**    **DEREK JAMES SWINGLE**
Defendant

---

### MOTION FOR NON-GUIDELINE SENTENCE

---

      The Defendant, Derek Swingle, through Counsel Michael Faye, hereby moves for a non-guideline statutory sentence pursuant to Rule 47 of the Federal Rules of Criminal Procedure. He states the following as grounds for this request.

### INTRUDUCTION

1. This Court is required to begin its sentencing analysis with a correct calculation of the advisory sentencing guidelines. Gall v. United States, 552 U.S. 38 (2007). The Court must then make an "individualized assessment" of the case "based on the facts presented." Id at 597. 18 U.S.C. §3553(a) then sets forth the framework for this assessment.

2. The overarching provision of 18 U.S.C. § 3553 requires that the court impose a sentence that is sufficient but not greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)(2). Mr. Swingle is cognizant that he has pleaded guilty to the

serious offense of distribution of a controlled substance, a violation of 21 U.S.C. §

841(a)(1), and that the advisory sentencing guidelines recommend a sentence to

incarceration. However, the advisory sentencing guidelines are but just one of the

identified sentencing factors under the provisions of 18 U.S.C. 3553.  Mr. Swingle asserts

that all of the sentencing goals can be accomplished without further incarcerating him

for his crime.  He asks this Court to sentence him to probation.

### HISTORY AND CHARACTERISTICS OF MR. SWINGLE

3. Mr. Swingle is thirty-seven years of age.  His criminal history computation puts him at a

category I according to the sentencing guidelines.  He has very minimal criminal history.

On the few occasions that he has ran into trouble with the law, Mr. Swingle was much

younger, the crimes were all relatively minor, and he was able to successfully comply

with the conditions imposed by the respective courts.

4. Mr. Swingle's struggles with substance abuse have directly led him to this criminal

offense.  As documented in the PSIR, Mr. Swingle began using heroin at the age of 21

and had continued to use up until his arrest.  His introduction to prescription drugs in

2013 snowballed into a full-blown addiction by the time he was 21 years of age.  Mr.

Swingle was able to abstain from drug use from 2016 until 2022.  He relapsed in 2022

after being the victim of a brutal home invasion where he was injured and severely

traumatized.

5. Mr. Swingle has an impressive educational and employment background.  He graduated

from high school in 2004 and then attended Trinity University in San Antonio, Texas.  He

graduated from college with a Bachelor of Science degree in chemistry in 2008.  Mr.

Swingle has been employed by MD Building Products in Oklahoma City, OK since 2013 as

a lab assistant.  He works full time and is beloved by his colleagues for his strong work

ethic and dependability.  His employment with the same company for 10 years

demonstrates that Mr. Swingle is reliable and more than capable of maintaining a law-

abiding life.

6.  Mr. Swingle was placed on pretrial supervision following his arrest.  Since July 11, 2022,

Mr. Swingle has been compliant while on pretrial supervision.  He has maintained his

sobriety, greatly benefited from individual therapy sessions, maintained employment,

and has been able to get his life back on track in every regard.  He maintains a very close

relationship with his mother.  His compliance with pretrial supervision demonstrates

that he is capable of being a contributing member of society and can in fact live a crime

free life.

**THE NATURE AND CIRCUMSTANCES OF THE OFFENSE**

7.  Mr. Swingle does not dispute the facts as set forth in the plea agreement.  However, it is

important to note the relationship between Mr. Swingle's addiction issues and the

offense to which he pled.  Mr. Swingle and the co-defendant had planned on spending

over a week in the Routt National Forest as part of the "Rainbow Gathering."  Being

addicted to heroin, and anticipating a lengthy stay in the mountains, Mr. Swingle

brought with him a supply of drugs that he planned on using throughout the duration of

the trip.  He and his co-defendant planned on using these amounts together.

8. Mr. Swingle takes responsibility for the drugs that were found in the car on July 2, 2022, and July 3, 2022.  He admits that he and his co-defendant possessed and intended to share those drugs during their trip.

9. Mr. Swingle readily admits that the firearm found in the trunk of his vehicle belonged to him.  Mr. Swingle owned several firearms and was an avid target shooter and collector of guns.  In no way was this firearm connected to this offense.  Mr. Swingle regularly would carry his firearm for protection in the wake of being victimized in a home invasion in 2022.  Following that incident, Mr. Swingle was extremely concerned for his safety and carried the weapon for his own protection.  In no way did he anticipate using this firearm at a peaceful "Rainbow Gathering" in the furtherance of distributing drugs[1]. Rather, the gun was brought for self-protection from wildlife and other possible threats while camping in a remote area.  The firearm was found buried deep in the trunk of his vehicle and Mr. Swingle never would have used this weapon as a means to distribute drugs.  It is mere happenstance that he, a gun owner on a trip to the mountains, possessed this gun while also in the throes of a heroin addiction and in possession of his drug of choice.  Mr. Swingle has never in his life used a gun with any ill intent and asks this Court to recognize the fact that the gun was not used in connection with this offense.

---

[1] The rainbow gathering is widely known as a yearly gathering in remote forests with the stated intention of living a shared ideology of peace, harmony, freedom, and respect and often refer to themselves as brothers and sisters, children of god. Peaceful coexistence is the main priority of the gathering.  *Savoye, Rob. "Rainbow Family of Living Light" 07-18-2022.*

10. The Defense asks the Court to look at this case in its proper context.  The cumulative

amount of drugs attributable to Mr. Swingle is the equivalent of approximately 4

tablespoons.  When considering that this quantity was going to be used by Mr. Swingle

and his co-defendant over a several week period, one can see that the extent of any

distribution was limited.  The search of Mr. Swingle's belongings also did not produce

anything indicative of large scale distribution.

**THE NEED FOR THE SENTENCE TO AFFORD ADEQUATE DETERRENCE FROM CRIMINAL
CONDUCT, TO PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT**

11. Mr. Swingle is not a risk to the community.  He is a very good natured and caring person

who has been harming himself due to his addiction to opiates.  Since 2013 it could be

said that Mr. Swingle is more of a risk to himself than any other members of the

community.  His drug addiction has been a real struggle for him.

12. Further incarceration is not necessary to accomplish the goals of criminal sentencing.

Mr. Swingle has never been through a serious criminal case such as this.  He has never

experienced an arrest of this magnitude.  He has never been exposed to the very serious

penalties that he faces in this prosecution.  Perhaps a person with a history of being in

and out of the legal system may need incarceration to get the point.  Mr. Swingle's

limited interactions with the legal system suggest that he is impacted greatly by his

experience with this case.  Mr. Swingle is extremely fearful of going to prison and losing

everything he has.  He takes these charges very seriously.  This criminal prosecution has

been enough to get him back on track with his sobriety and has forced him to face many

deep seeded issues and the root causes for his addiction.  As evidenced by his

performance on pretrial services, Mr. Swingle has been scared straight by the mere

prospect of a prison sentence.  He is extremely remorseful for his actions, but more

importantly, he understands that he must remain substance free for the rest of his life.

13.   A sentence to probation will in fact provide deterrence to further criminal activity.  Mr.

Swingle's life has been turned upside down since his arrest.  He has lived with the stress

and uncertainty of a possible prison sentence.  Anyone that knows Mr. Swingle knows

the toll this case has taken on him.  There are times when a prison sentence is

appropriate.  But here, a sentence to probation would be appropriate and would further

protect the community.  If Mr. Swingle were sent to prison, he would lose everything he

has.  His job, his home, the progress he has made since his arrest would all be gone.  He

would serve a prison sentence and come out on the other side worse off and in turn,

society would potentially suffer from having an ex-con in the community.  Mr. Swingle is

fortunate to have a stable job that has stood by him considering this prosecution, and

also a loving mother who is there to support him.

**CONCLUSION**

14. In many ways, being charged with this offense was the best thing that could have

happened to Mr. Swingle.  He was on a very dangerous path given his addiction and

regular use of fentanyl.   He has greatly benefited from court ordered sobriety and

treatment.  He has taken full advantage of the opportunity to stay out of custody while

this case has been pending.  His sobriety and compliance demonstrate that he is a good

candidate for probation.  Nobody wins if he goes to prison.  A sentence to probation with strict conditions would allow Mr. Swingle to continue on the positive path that he has created.  Probation would ensure community safety in that if he slips up even a little, he will be off the streets in a heartbeat and facing a lengthy prison sentence for violating probation.

Respectfully Submitted,

/s/ Michael Faye_____
Michael Faye
Attorney for Defendant
Reg. #35204
The Law Firm of Glassman & Faye
427 West 13th Ave.
Denver, CO 80204
Telephone: 720-254-0942
Fax: 303-265-9481
Email: Michael@glassmanfaye.com

CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2023, I electronically filed the foregoing *Motion for Non-Guideline Sentence* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

United States Attorney via CM ECF.

and hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand delivery, etc.) indicated by the non-participant's name.

/s/ Michael Faye
Michael Faye
Attorney for Defendant
Reg. #35204
The Law Firm of Glassman & Faye
427 West 13th Avenue
Denver, CO 80204
Telephone: 720-254-0942
Fax: 303-265-9481
Email: Michael@glassmanfaye.com